# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

Gwen Price, Personal Representative of
the Estate of James Jahar, Deceased, et al.,        No. CV 04-1178-MO

                Plaintiff(s)        ORDER

        v.

JASON SERVE, SEAN MACOMBER,
and City of Portland,

                Defendant(s)

**MOSMAN, J.,**

      Before the court is plaintiffs' motion (#69) to compel defendants to produce Officers Sery and Macomber's "police academy examination questions, these officers' answers to the questions and any corresponding 'answer keys' or other documentation used by the academy indicating the correct answers to the examination questions."  Plaintiffs argue the documents are relevant to their claim that the City of Portland failed to train its police officers in the proper use of deadly force.  The parties dispute the relevance of these documents.

      The relevance of the police academy officer examinations and answers, plaintiff contends, is obvious: "the police academy's own yardstick to measure the success of a cadet's training is directly related to a claim that he was not properly trained."  Pl.'s Mem. Supp. Pl.'s Mot. Compel Produc. Docs. at 3.

      Defendant City concedes the relevance of "training materials" and has already disclosed these subject to a protective order.  Defendant argues that the test questions, in contrast, "have nothing to do with the training Officers Sery and Macomber received about the proper and legal

PAGE 1 - ORDER

use of deadly force." Def.'s Mem. Opp'n Pl.'s Mot. to Compel at 3.

In *Monell v. Dept. of Social Services*, the Court held that municipalities can be sued directly under § 1983 where the action of the municipality itself can be said to have caused the harm, as when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). Municipal liability may be predicated upon grounds other than explicit expressions of official policy. *Id.* at 690-91. More recently, the Court held that the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

In *Harris*, the Court established three facts the plaintiff must prove to succeed on a failure to train theory: (1) that a training program is inadequate to the tasks that officers must perform, (2) that the inadequacy is the result of the city's deliberate indifference, and (3) that the inadequacy is "closely related to" or "actually caused" the plaintiff's injury. *Id.* at 390-91.

Defendant incorrectly implies that complete failure to train on a topic is a prerequisite to municipal liability - i.e., that the existence of any training on a topic necessarily negates deliberate indifference. Def.'s Mem. Opp'n Pl.'s Mot. to Compel at 4. *Harris*, however, describes the contours of a "failure to train" claim in terms of the adequacy of the training in relation to the tasks officers must perform. 489 U.S. at 390. Test questions reflect the height to which the City set the bar for assessing cadet comprehension and competence in specific tasks. As such, the questions are certainly relevant as to determining the *adequacy* of the City's training program.

PAGE 2 - ORDER

IT IS HEREBY ORDERED that the City of Portland produce to plaintiffs, pursuant to this court's previously issued protective order, copies of selected test questions and answers for both Officers Sery and Macomber, as outlined below:

A. Internal Affairs Exam Questions: # 1-7

B. PPB Basic Academy Criminal Procedures Exam: # 9-20; 26-28; 33-40; 42-44; 49; 57-59; 61; 64-66; 69-71; 75.

C. PPB Training Division Advanced Academy Defensive Tactics Exam (the entire exam, Parts I - III).

IT IS SO ORDERED.

Dated this  27th  day of September, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge