UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GWEN PRICE, Personal Representative
of the Estate of James Jahar Perez,
Deceased, ET. AL.,

                Plaintiffs,

    v.

JASON SERY, SEAN MACOMBER,
and CITY OF PORTLAND,

                Defendants.

No. CV04-1178

FRCP 54(b) JUDGMENT

**MOSMAN, J.,**

This matter came before the court upon plaintiffs' Motion (#171) for Entry of Final Judgment and Stay of Proceedings. Plaintiffs seek the entry of a final judgment as to the 42 U.S.C. § 1983 claim against the City of Portland and a stay of all other claims pending resolution of appeal from the final judgment. The court will construe the motion as seeking certification for interlocutory appeal of the adverse summary judgment determination under 28 U.S.C. § 1292(b). The court considered the memorandum filed by plaintiffs and heard oral argument on the motion. For the reasons stated below, plaintiffs' motion is granted.

I.    BACKGROUND

The Opinion and Order (#168) issued by this court on January 10, 2006 determined, in part, the City's policy on deadly force is not unconstitutional and therefore denied plaintiffs' motion (#89) for summary judgment on this purely legal issue. This finding also led to granting summary judgment in favor of the City on the three grounds of *Monell* liability asserted by

PAGE 1 - JUDGMENT

plaintiffs – unconstitutional policy, failure to discipline, and failure to train. The court granted defendants' motion for summary judgment on plaintiffs' claims of an unlawful traffic stop and negligence against the individual officers. Given the fact-intensive nature of claims for excessive use of force, the court denied defendants' motion for summary judgment regarding the officers' entitlement to qualified immunity. The court denied defendants' motion for summary judgment on plaintiffs' negligence claim against the City. Plaintiffs ask the court to certify for interlocutory appeal only the legal issue regarding the constitutionality of the City's policy.

II. DISCUSSION

    A. Legal Standard for Certification Under 28 U.S.C. § 1292(b)

Under 28 U.S.C. § 1292(b), the court may certify an issue for interlocutory appeal if three elements are satisfied: (1) the issue is a controlling question of law; (2) the issue offers substantial grounds for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). The Ninth Circuit has held that certification to file an interlocutory appeal should be granted sparingly, *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959), and only where allowing an immediate appeal would avoid protracted and expensive litigation. *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

B. Certification Is Appropriate

A question of law is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Central to plaintiffs' entire case is the constitutionality of the City's formal written policy authorizing the use of deadly force by Portland Police officers. Portland Police General Order § 1010.10 allows officers to use deadly force in the following circumstances:

> (a) Members may use deadly force to protect themselves or others from what they **reasonably believe** to be an immediate threat of death or serious physical injury.
>
> (b) A member may use deadly force to effect the capture or prevent the escape of a suspect where the member has **probable cause** to believe that the suspect poses a significant threat of death or serious physical injury to the member or others.
>
> (c) If feasible, some warning has been given.
>
> Members must be mindful of the risks inherent in employing deadly force. A member's reckless or negligent use of deadly force is not justified in this policy or state statute. Members are to be aware that this directive is more restrictive than state statutes.

Plaintiffs argued the City's policy is unconstitutional because rather than using the constitutionally correct "probable cause" standard, Portland Police General Order § 1010.10(a) allows officers to use deadly force if "they *reasonably believe*" the suspect poses an immediate threat of death or serious physical injury. The court acknowledged the Ninth Circuit's description of the *Tennessee v. Garner*, 471 U.S. 1 (1985) probable cause test as "a more particularized version" of the Fourth Amendment's objective reasonableness analysis that applies in the deadly force context. *Blanford v. Sacramento County*, 406 F.3d 1110, 1115 (9th Cir.

2005).  Defendants argued *Garner*'s "probable cause" standard applies only to a special subset of deadly force cases – those involving fleeing suspects.  I agreed with defendants and concluded the *Garner* decision establishes a "probable cause" proof threshold that must be cleared before police may employ deadly force against a fleeing suspect rather than an attacking suspect.  Subparts (a) and (b) of General Order § 1010.10 accurately reflect this distinction between fleeing versus attacking suspects, and therefore, I held this policy is constitutional.

Resolution of this issue by the Ninth Circuit would materially affect the outcome of litigation in the district court.  Indeed, if the Ninth Circuit disagrees with this court's legal conclusions, the nature of plaintiffs' case would be dramatically altered.  Claims precluded by the district court's ruling at summary judgment, such as the *Monell* claims against the City, would become viable and triable to a jury.  As it currently stands, however, the court's Opinion and Order eliminates several bases of municipal liability asserted by plaintiffs.  The question of law is therefore "controlling."

As to the second prerequisite to certification, the constitutionality of the City's policy offers substantial grounds for a difference of opinion.  I reach this conclusion based on more than plaintiffs' disagreement with my holding.  *See e.g.*, *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D. D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling . . . does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for interlocutory appeal").  Rather, plaintiffs relied upon numerous Ninth Circuit rulings on deadly force cases that could be read to suggest a result contrary to the one reached by this court.  As stated in the Opinion and Order however, "none of the cases relied upon by plaintiffs compel the conclusion that without the words "probable cause" in § 1010.10(a), the

City's policy is unconstitutional." Thus, the Ninth Circuit has not squarely and unequivocally decided this issue that offers substantial grounds for a difference of opinion.

Finally, addressing the third prerequisite, an immediate appeal may materially advance the ultimate termination of the litigation in this case. It is in the interest of sound judicial administration and justice to the litigants not to delay entry of Final Judgment on plaintiffs' 42 U.S.C. § 1983 claim against the City of Portland. Entry of Final Judgment at this time will not result in unnecessary appellate review, and may save the District Court and the litigants from having to go through two separate, and substantially different, trials of this case. Determining the correct legal standard before trial will result in the jury being presented with the proper defendants and with the proper jury instructions. It would potentially cause both the District Court and the litigants an enormous expenditure of time, effort, and money to try the case twice if the District Court incorrectly interpreted Ninth Circuit caselaw on this legal issue.

III. CONCLUSION

I conclude the constitutionality of the City's deadly force policy presents a controlling issue of law as to which there is substantial ground for difference of opinion in that an immediate appeal from the summary judgment order may materially advance the ultimate termination of the litigation. Although this court believes its interpretation of the Fourth Amendment and caselaw addressing the use of deadly force is correct, there is room for uncertainty. The authority relied upon by plaintiffs is sufficiently ambiguous or factually distinguishable to create grounds for differing interpretations. Substantial public policy considerations are also at issue, adding further support for the need for an immediate appeal. Therefore, plaintiffs' request for § 1292(b)

certification is GRANTED. All other claims are hereby stayed pending resolution of the appeal.

IT IS SO ORDERED.

DATED this ___30th___ day of ___January___, 2006.

                                       /s/ Michael W. Mosman  
                                       MICHAEL W. MOSMAN  
                                       United States District Court

certification is GRANTED. All other claims are hereby stayed pending resolution of the appeal.

IT IS SO ORDERED.

DATED this ___30th___ day of ___January___, 2006.

                                       /s/ Michael W. Mosman  
                                       MICHAEL W. MOSMAN  
                                       United States District Court